UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALLY FINANCIAL INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS D. GRETTER, an Individual; JOHN D. GRETTER, an Individual,<br><br>Defendants. | Case No. 4:15-CV-00051-SMR-HCA<br><br>**PROTECTIVE ORDER** |

The Court, after considering the motion of Plaintiff, Ally Financial Inc. ("Ally" or "Plaintiff") made pursuant to L.R. 7 and Fed.R.Civ. Pro. 26(c)(1) for entry of a protective order in the Action pursuant to the stipulation of Ally and defendant John D. Gretter ("John Gretter" or "Defendant"), and good cause appearing therefore, hereby grants Ally's motion and enters a protective order on the parties' stipulation as follows and in order to preserve and maintain the confidentiality of the information contained in certain documents and materials to be produced in this Action.  Ally and John Gretter are collectively referred to herein as the "Stipulating Parties" or a "Stipulating Party" when referred to in the singular).

1. "Confidential" material is defined herein as any document that a Stipulating Party believes in good faith contains sensitive, confidential, commercial, proprietary, trade-secret, private, privileged or protected information or matter, including but not limited to, financial records, business policies and procedures, and communications and all information derived from such documents, including but not limited to extracts, memoranda, notes and correspondence quoting from or summarizing such documents or information.  When used in this Protective Order, the word "documents" is used in its broadest sense and means all records, material, memoranda or written and computerized materials, videotapes, and all other tangible items or items in magnetic, digital, or electronic form.

2. In complying with discovery demands in this Action, or in the production of any document during the course of this Action, including trial, any Stipulating Party may designate as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "FOR ATTORNEYS' EYES ONLY" documents disclosed, produced, or submitted by it in the course of this Action. Said designation shall be made in the manner hereinafter set forth, or by written agreement of the Stipulating Parties at any time. The Stipulating Party designating the documents as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "FOR ATTORNEYS' EYES ONLY" is hereafter referred to as the "Designating Party".

3. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. All or any part of a document disclosed, produced or submitted by any Stipulating Party may be designated as "Confidential" by marking the word or words "CONFIDENTIAL", "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER " or "FOR ATTORNEYS' EYES ONLY": (a) on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the designating party or person to the party to which the document is produced, and on the photocopies of each page so designated; or (b) in the case of a tangible item, on the face of the tangible item, if practicable, or by delivering to the party to which disclosure is made, at the time of filing, disclosure, or production, written notice that such tangible item is "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "FOR ATTORNEYS' EYES ONLY", provided the tangible item can be identified by particular description, photograph or other readily ascertainable means; or (c) designating documents or by Bates label or some similar pagination system range as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "FOR ATTORNEYS' EYES ONLY" at or before the time of it production or disclosure for inspection; or (d) designating a storage medium produced in electronic format as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "FOR ATTORNEYS' EYES ONLY" at or before the time of its production." In addition, any

documents that have already been produced, disclosed, exchanged or submitted whether before or after the filing of the Action may be subsequently designated as "CONFIDENTIAL", "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER " or "FOR ATTORNEYS' EYES ONLY" by a Stipulating Party by delivering written notice to of such designation to the other Stipulating Party and by including with such written notice copies of the documents, tangible item or storage medium bearing the designation.  Documents so designated shall hereafter be referred to as "Protected Documents".

5. To the extent that the Protected Documents or information derived from the Protected Documents are used in the taking of a deposition or to examine a witness during a hearing, those documents remain subject to the Stipulation and the Protective Order entered thereon.  The Protected Documents or information derived therefrom shall be maintained under seal by the reporter, and the Designating Party will be provided with a copy of the hearing or deposition transcript by the party noticing the hearing or the deposition.  With respect to any deposition or hearing transcript, a Stipulating Party may, on the record or in writing within 30 days after written receipt of the transcript, designate portions of the transcript relating to the Protected Documents as "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER" and/or "FOR ATTORNEYS' EYES ONLY" under this Stipulation and the Protective Order entered thereon.  During the first 30 days following receipt of a transcript, the entire transcript shall be treated as "For Attorneys Eyes Only."  However, this provision does not prevent the deponent or witness from reviewing the transcript.

6. The Protected Documents shall be used or disclosed solely in the prosecution or defense of this Action, including any post-trial or post-judgment motions, actions and/or proceedings, including appeal and remittitur, and in accordance with the provisions of the parties' Stipulation and this Protective Order entered thereon.  The Protected Documents shall not be used in any other action or for any other purpose without further order of the court, or except as the Designating Party may agree.

7. Except upon prior written consent of the Designating Party or upon further order of the Court, disclosure of the Protected Documents or information contained therein or derived

therefrom shall be limited to the following persons (hereinafter a "Qualified Person"):

    a.    Current or former employees or agents of the Stipulating Parties, a Stipulating Party's directors, officers, employees and agents in connection with the prosecution, defense or supervision of the Action;

    b.    A Stipulating Party's insurers and outside or in-house auditors;

    c.    Counsel of record for the Stipulating Parties and employees of said counsel, including partners, associates, paralegals, secretaries and other staff in the law firms of record, provided however, that access by counsel of record and employees of said counsel to Protected Documents or any information derived therefrom shall be for the sole purpose of conducting the prosecution, defense or supervision of the Action;

    d.    Other counsel for the Stipulating Parties and their employees who are assisting in the prosecution or defense of the Action, provided, however, that access by such other counsel to the Protected Documents or any information derived therefrom shall be for the sole purpose of conducting the prosecution, defense or supervision of the Action;

    e.    Counsel for any person or party who is not a Stipulating Party must seek relief of Court to gain access to the Protected Documents.

    f.    Experts and consultants who are employed, retained or otherwise consulted by a Stipulating Party or its counsel of record for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in connection with the Action.

    g.    Any deposition or trial witness in the Action where such disclosure is necessary to the testimony of such witnesses, which shall remain subject to consideration of any and all objections to relevancy and/or admissibility duly raised by counsel.

    h.    Third-party litigation support persons or entities solely for the purposes of commercial scanning, copying, Bates-labeling and producing documents for discovery and trial purposes or for providing other services to counsel for a Stipulating Party in connection with the Action.

    i.    Any judge or jury impaneled in this Action, court reporters, Court staff and any alternative dispute resolution ("ADR") neutral, such as a mediator or arbitrator providing ADR services in connection with the Action.

    j.    Any court reporter or videographer employed by one of the Stipulating Parties to this Protective Order or by a party to this Action or counsel for such party for the purpose of recording depositions;

    k.    Any person who authored or received the Confidential Information prior to commencement of this Action; and

    l.    Any other person who becomes a Qualified Person as defined herein by complying with the terms and provisions of paragraph 9 below.

8. Before receiving access to any of the Protected Documents or the information contained therein, each Qualified Person described in paragraph 7 above shall be advised of the terms of this Protective Order.

9. No Qualified Persons, other than those referred to in paragraph 7(a)-(k), shall have access to Confidential Information without: a) the written approval of the Designating Party; and b) having first read this Protective Order and having acknowledged and agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order, or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit A.

10. Except upon the prior consent of the Designating Party or upon order of the Court, the Protected Documents or information derived therefrom which are designated "FOR ATTORNEYS' EYES ONLY" may be shown, disseminated, discussed, or disclosed only to persons identified in subparagraphs (c),(d), (f) or (i) of paragraph 7, above.

11. A designation of "CONFIDENTIAL" on any Protected Document or information derived therefrom shall be equivalent to a designation of "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."

12. Except as expressly provided in this Protective Order, under no circumstances shall any person or entity who is described in Paragraph 7 above or who is required to but has not; a) signed a copy of the declaration set forth in Exhibit A; or b) given an oral declaration on the record in substantially the same language as Exhibit A, be permitted to attend a deposition (or any portion thereof) or hearing at which Protected Documents or any information derived therefrom is discussed or otherwise disclosed.

13. If any of the Stipulating Parties or their respective counsel determines that by inadvertence or otherwise a document has been disclosed or produced without being designated a Protected Document and such document should have been so designated, that person must immediately notify the Stipulating Party who received the document in writing of the disclosure and request that the recipient return all copies of disclosed document. Within 10 business days of the date of such written request, the recipient shall return all copies of such document to the

Stipulating Party who made the written request for its return. The Stipulating Party who disclosed or produced the document without designating it as a Protected Document shall have 10 business days from receipt of the returned document to produce or disclose such document so that the document includes the designation which should have been included when the production or disclosure was first made.

14. If any of the Stipulating Parties or their respective counsel learns that, by inadvertence or otherwise, they have disclosed Protected Documents to any person or in any circumstances not authorized under this Protective Order, that person must immediately: (a) notify the other Stipulating Parties in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Documents; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute Exhibit A.

15. Nothing in the parties' Stipulation or the Protective Order entered thereon shall relieve any former employee of any Stipulating Party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

16. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Stipulating Party may not file any Protected Document in the public record in this action. If Protected Documents are to be included with any pleading filed in this Court, such material shall be lodged with the Court and accompanied by a motion or application that such Protected Documents are to be filed under seal in accordance with Local Rule 5.c. The Stipulating Parties have agreed not to oppose any application to file under seal brought pursuant to this Stipulation or the Protective Order entered thereon.

17. Access to documents filed under seal may be obtained by any of the Stipulating Parties' counsel for any necessary or appropriate uses in this Action.

18. If the Court determines that permitting the Protected Documents to be filed under seal is not warranted, the Court may relieve the Stipulating Party of its obligations under this Stipulation and the Protective Order entered thereon regarding such record(s) or information for

the purposes of the motion, opposition, or other request for relief. Such a request and showing may be made during an appearance before the Court in connection with a motion or application under Local Rule 5.c. or a motion with respect to which a Stipulating Party has requested the Court consider Protected Documents.

19. Nothing in this Protective Order shall be construed in any way as a finding that material designated as "Protected Documents" does or does not constitute or contain Confidential material as defined in Paragraph No. 1 of this Protective Order.

20. Any Stipulating Party may challenge the designation by another Stipulating Party as "CONFIDENTIAL", "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "FOR ATTORNEYS' EYES ONLY" in accordance with the procedures set forth in Local Rule 37 pertaining to discovery motions, including but not limited to the pre-filing conference of counsel described in Local Rule 37. Until the Court rules on the challenge, the Stipulating Parties shall continue to afford Protected Documents in question the level of protection to which it is entitled under the operative designation. Upon request of the Court, the challenged materials may be lodged or submitted for *in camera* review in connection with its consideration of the challenge in accordance with Local Rule 5.d.

21. Notwithstanding the foregoing, unless a prompt challenge to the confidentiality designation is necessary to avoid foreseeable unfairness, unnecessary economic burden and expense, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

22. This Protective Order shall be without prejudice to the right of any Stipulating Party to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

23. The parties' Stipulation and this Protective Order entered thereon and the agreements embodied herein shall survive the termination of this Action and continue in full force and effect.

24. Upon termination of this Action, and the expiration of any and all appeals therefrom, or by settlement, all parties or persons, except for the Court, shall return to counsel for the Designating Party all Protected Documents received from the Designating Party or person including all copies, prints and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants.  As an alternative to returning all or part of such Protected Documents the parties may certify in writing to counsel for the Designating Party that they have destroyed all unreturned Protected Documents.  Notwithstanding the foregoing, the Stipulating Parties' respective counsel shall be permitted to retain all memoranda and litigation papers prepared by them (attorney work-product) which contain Protected Documents or information derived therefrom, including pleadings, briefs, motions, deposition transcripts and exhibits.  However, such retained material containing Protected Documents or information derived therefrom  may not be disclosed following the termination of this Action without the consent of the Designating Party or by order of the Court.

25. Nothing in the parties' Stipulation or this Protective Order shall limit any Stipulating Party's right to disclose to any person or entity, or use for any purpose, its own information and documents.

26. Upon being filed under seal, the Protected Documents may be admitted as exhibits or evidence at any hearing or trial in this Action subject to meeting the requirements of admissibility of evidence, including the governing rules of evidence, civil procedure and applicable substantive law or in connection with any applicable order of the Court.  The judge presiding over any hearing or trial in this Action shall retain discretion on whether to provide continued protection for Protected Documents material accepted as evidence at the trial or any hearing this Action.

27. Nothing in the parties' Stipulation or in this Protective Order, nor the production of anything by any Stipulating Party in this action, shall be deemed a waiver of any privilege or confidentiality interest with respect thereto in this action or in any other action or proceedings, or a waiver of any privilege applicable to any information, or a waiver of its right to oppose production of any information.  In the event of any inadvertent disclosure of Protected

Documents, the Stipulating Party making the inadvertent disclosure reserves all rights that it may have as a matter of law with respect to such inadvertent disclosure.

28. Each Stipulating Party may apply to the Court for an order modifying or amending the terms of the Protective Order, either upon consent of all other Stipulating Parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

29. Neither the parties' Stipulation or this Protective Order nor the designation of any information or material as Protected Documents shall constitute evidence with respect to any issue in this Action.

30. In the event any non-party serves a subpoena seeking Protected Documents, or information derived from Protected Documents on one of the Stipulating Parties, the Stipulating Party served with the subpoena must immediately notify the Designating Party in writing (by e-mail, if possible) through the undersigned counsel for the Designating Party. Such notification must include a copy of the subpoenas or order. The person being served with the subpoena(s) also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation, proceeding or other action that some or all the material covered by the subpoena or order is the subject of the parties' Stipulation and the Protective Order. In addition, the person being served must deliver a copy of the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of the Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests and privileges in the Court or proceeding from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging any person to disobey a lawful directive from another court.

**IT IS SO ORDERED.**

Dated December 3, 2015.

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| ALLY FINANCIAL INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS D. GRETTER, an Individual;<br>JOHN D. GRETTER, an Individual,<br><br>        Defendants. | Case No. 4:15-CV-00051-SMR-HCA<br><br>**DECLARATION** |

      I hereby affirm that: (1) I have received and read a copy of the Stipulated Protective Order entered on _____, 2015 in the above captioned action; (2) I understand the terms thereof and I agree that my signature below submits me to the jurisdiction of the United States District Court, Southern District of Iowa, Central Division, and binds me to the provisions of the Stipulated Protective Order;

      Furthermore, I understand and agree that, upon direction from the party or person from which I received the Protected Documents or any information derived therefrom, I shall return to counsel for the providing party or person all Protected Documents and information derived therefrom  received from such party or person including all copies, prints and other

reproductions of such Protected Documents.

DATED: _____
Signature