UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| ALLY FINANCIAL INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS D. GRETTER, an Individual; JOHN D. GRETTER, an Individual,<br><br>    Defendants. | Case No. 4:15-CV-00051-SMR-HCA<br><br>**PLAINTIFF ALLY FINANCIAL INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT THOMAS D. GRETTER** |

Plaintiff Financial Inc. ("Ally" or "Plaintiff"), hereby moves under LR 7 for entry of default judgment by Court against defendant, Thomas D. Gretter ("Thomas Gretter" or "Defendant"), (the "Motion") pursuant to Fed. R. Civ. P. §55(b)(2) and states as follows.

1. A Default Judgment should be entered by the Court against Thomas Gretter under Fed. R. Civ. P. 55 (b)(2) on all of the claims for relief alleged against him by Ally in the Verified Complaint in the amount of $3,724,637.86 due and payable to Ally as of February 10, 2016, exclusive of attorneys' fees and costs together with postjudgment interest thereon until paid in full. All of the foregoing as attested to in the Affidavit of Paul O'Neill filed in support of this Motion (the "O'Neill Aff."). Thomas Gretter's default has been entered by the Clerk of the Court, the amount of damages has been ascertained and the judgment sought is for a sum certain. *See,* Fed. R. Civ. P. 55(a) & (b)(2).

2. Ally filed its verified complaint in this action on February 13, 2015 (the "Complaint"). (Request for Judicial Notice, "RJN", ¶1, Ex. A, Cmplt., Dkt. No.1.) The Complaint alleges four claims for relief against Thomas Gretter: (1) breach of personal guaranties; (2) conversion; (3) fraud; and (4) negligent misrepresentation. Ally is entitled to a default judgement against Thomas Gretter on account of these claims.

3. By the Complaint, Ally made demand on Thomas Gretter to pay Ally under the written personal guaranties given to Ally by him. (RJN, ¶1, Ex. A, Cmplt., p. 17, ¶84, Dkt. No. 1.)

4. The summons and complaint were personally served on Thomas Gretter on May 14, 2015 and were returned executed to the Court on May 29, 2015. (RJN, ¶2, Ex. B, Dkt. No. 13.)

5. The time for Thomas Gretter to file an answer or other responsive pleading expired on June 4, 2015. Thomas Gretter failed to answer or respond.

6. At Ally's request, the Clerk of the Court entered the default of Thomas Gretter on June 16, 2015.  (RJN, ¶3, Ex. C, Default, Dkt. No. 19.)

7. A Stipulation for Dismissal with Prejudice of John D. Gretter, the only other defendant in this Action was filed in this Action on February 5, 2016.  (RJN, ¶6, Ex. F.)

8. Thomas Gretter is not a minor or incompetent and Thomas Gretter is not in the military service.  (RJN, ¶11, Ex. K; O'Neill Aff., ¶¶45-46.)

By this Motion, Ally requests that the Court enter a default judgment against Thomas Gretter.  As explained in the attached brief, Thomas Gretter gave Ally continuing personal guaranties (the "Guaranties") pursuant to which he guarantied, absolutely and unconditionally, the obligations of Gretter Ford Mercury, Inc. ("Gretter Ford") and Gretter Autoland, Inc. ("Gretter Autoland"), collectively the "Dealerships", to Ally under the Loan Agreements.  (RJN, ¶1, Ex. A, Cmplt., ¶¶33-34, Exs. O, Q; O'Neill Aff., ¶16, Exs. K-L.)  Pursuant to his Guaranties, Thomas Gretter also agreed to pay the attorneys' fees and costs incurred by Ally in connection with any default of the Dealerships.  (RJN, ¶1, Ex. A, Cmplt., ¶¶33-34, Exs. O, Q, S, T, first unnumbered paragraphs; O'Neill Aff., ¶16, Exs. K-L, first unnumbered paragraphs.)

The Dealerships defaulted under their Loan Agreements with Ally and are indebted to Ally in the amount of $3,724,637.86 as of February 10, 2016.  (O'Neill Aff., ¶35.)  Gretter Ford's and Gretter Autoland's indebtedness to Ally under the Loan Agreements in the amount of $3,724,637.86 is an obligation of Thomas Gretter which is included within his Guaranties. (O'Neill Aff., ¶¶16, 41-42, Exs. K-L.)  Therefore, a default judgment should be entered by the Court against Thomas Gretter on all of the claims for relief alleged against him by Ally in the Verified Complaint in the amount of $3,724,637.86 due and payable to Ally as of February 10, 2016, exclusive of attorneys' fees and costs.  The Motion is no longer premature because a

Stipulation for Dismissal of John D. Gretter, the only other defendant in this Action has been filed.  (RJN, ¶6, Ex. F.)

As explained in the attached brief and in the O'Neill Aff., the default judgment and the amount thereof ($3,724,637.86) sought by Ally is as follows:

A.   Ally requests that a default judgment be entered against Thomas Gretter under the guaranty given by him to Ally pursuant to which he guarantied the obligations of Gretter Ford to Ally (the "Gretter Ford Guaranty") in the total amount of $1,285,575.52 comprised of: $1,079,706.25 in principal; and for the period from October 1, 2014 –November 30, 2015: $153,750.47 in interest; $11,206.41 in late fees; and $40,912.39 in expenses, all of the of foregoing exclusive of attorney's fees and costs.  All of the foregoing together with post-judgment interest at the allowable rate.

B.   Ally requests that a default judgment be entered against Thomas Gretter under the guaranty given by him to Ally pursuant to which he guarantied the obligations of Gretter Autoland to Ally (the "Gretter Autoland Guaranty") in the total amount of $2,439,062.34 due under the Gretter Autoland WSA comprised of: $2,047,239.64 in principal; and for the period from October 1, 2014 –November 30, 2015: $322,830.21 in interest; $223,190.10 in late fees; and $45,802.39 in expenses, all of the of foregoing exclusive of attorney's fees and costs.  All of the foregoing together with post-judgment interest at the allowable rate.

C.   Ally reserves its right to seek an award of attorneys' fees and costs from Thomas Gretter, and on such basis requests that the default judgment include the amount of any award of attorneys' fees and costs obtained by Ally against Thomas Gretter under the Gretter Ford Guaranties or the Gretter Autoland Guaranties.

Ally's Motion is based upon the attached brief, the O'Neill Aff., the Request for Judicial Notice and upon all other papers, records and pleadings on file in this action, and on any further briefs, authorities, evidence or argument that may be presented.

Wherefore, Ally respectfully requests that the Court enter a default judgment against Thomas Gretter.

DATED: March 16, 2016          BRICK GENTRY P.C.


                               By:  */s/ Douglas A. Fulton*

                               Douglas A. Fulton (Iowa State Bar #8813)
                               Doug.Fulton@brickgentrylaw.com
                               Lead Attorney
                               **BRICK GENTRY P.C.**
                               6701 Westown Parkway, Suite 100
                               West Des Moines, IA 50266-7703
                               Telephone: (515) 274.1450
                               Facsimile: (515) 274-1488
                               Attorneys for Plaintiff Ally Financial Inc.


DATED: March 16, 2016          By:  */s/ Eleanor M. Roman*
                               Eleanor M. Roman (California State Bar No. 178736)
                               (Admitted *pro hac vice*)
                               emr@severson.com
                               Lead Attorney

                               **SEVERSON & WERSON**
                               A Professional Corporation
                               One Embarcadero Center, Suite 2600
                               San Francisco, California 94111
                               Telephone: (415) 398-3344
                               Facsimile: 415-956-0439

                               Attorneys for Plaintiff Ally Financial Inc.

| Copy to: | CERTIFICATE OF SERVICE |
|---|---|
| Thomas D. Gretter<br>814 W 69th Terrace<br>Kansas City, MO. 64113<br><br>7681 High Dr.<br>Prairie Village, KS 66208<br>**By U.S. Mail** | The undersigned certifies that a true copy of this foregoing instrument was served upon all parties to the above cause at their respective addresses disclosed to the left on March 16, 2016.<br><br>By: _____<br>Name: Buffy Abad |

5