IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALLY FINANCIAL, INC., | Case No. 4:15-cv-00051-SMR-HCA |
| Plaintiff, | |
| v. | |
| THOMAS D. GRETTER, | ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT THOMAS D. GRETTER |
| Defendant. | |

Before the Court is Ally Financial, Inc.'s ("Ally") Motion for Entry of Default Judgment Against Defendant Thomas D. Gretter ("Motion"), March 16, 2016. [ECF No. 50]. Finding Ally has proven its damages by a preponderance of the evidence, the Court grants Ally's Motion.

## I. ANALYSIS

### A. Cause of Action

Ally filed its verified Complaint on February 13, 2015, alleging four causes of action jointly against Thomas D. Gretter ("Thomas") and John D. Gretter ("John"): 1) breach of personal guaranties, 2) conversion, 3) fraud, and 4) negligent misrepresentation. [ECF No. 1]. Ally asked for judgment jointly and severally against Thomas and John for general, special, compensatory, and punitive damages, along with costs and attorneys' fees. *Id.*

Ally alleges the following facts in its Complaint, [ECF No. 1], accepted by the Court as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true[.]"); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Ally is the successor in

interest to GMAC INC., GMAC LLC, and General Motors Acceptance Corporation. Thomas and John both served as officers of Gretter Ford Mercury, Inc. and Gretter Autoland, Inc. (collectively "the Dealerships"). Gretter Ford Mercury, Inc. and Gretter Autoland, Inc. were at all relevant times auto dealerships selling new and used vehicles. Ally provided both of the Dealerships with financing for the acquisition of vehicles. Several financing agreements and related security agreements govern the parties' relationship. Under the terms of their agreements, the Dealerships promised to pay Ally the amount that Ally advanced for the purchase of vehicles, with interest. The Dealerships also agreed to pay certain costs and attorneys' fees, should Ally need to enforce its rights under the agreements. Thomas personally guaranteed the loans to both of the Dealerships. The Dealerships defaulted on their financing agreements with Ally by selling vehicles and failing to remit the corresponding loan amounts to Ally.

The Court finds Ally's complaint states a legitimate cause of action. *See Murray*, 595 F.3d at 871 (noting the court must decide "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" (internal quotation marks omitted)).

### B. *Procedural Background*

Ally served Thomas on May 14, 2015 [ECF Nos. 6 (summons); 13 (proof of service)] and served John on May 15, 2015 [ECF Nos. 7 (summons); 12 (proof of service)]. John filed his Answer on June 3, 2015, but Thomas did not respond to the Complaint within the prescribed time (or ever). *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (allowing twenty-one days to file an answer).

Accordingly, on June 15, 2015, Ally filed a Request for Entry of Clerk's Default of Defendant Thomas D. Gretter. [ECF No. 18]. On June 16, 2015, the Clerk of Court entered a

Default in accordance with Federal Rule of Civil Procedure 55(a). [ECF No. 19]; *see Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (requiring party seeking default judgment to first obtain a default entry from the Clerk of Court). Then, on February 5, 2016, Ally and John stipulated to John's dismissal from the action. [ECF No. 49].

Ally now requests this Court enter a default judgment against Thomas pursuant to Federal Rule of Civil Procedure 55(b)(2). [ECF No. 50]. In support of its request, Ally filed a brief, [ECF No. 50-1], an affidavit from Ally Analyst Paul O'Neill, [ECF No. 50-2], and several exhibits, [ECF Nos. 50-3 and 50-4]. Ally submitted a separate request for judicial notice relating to its motion for default judgment. [ECF No. 51]. Ally seeks damages of $3,724,637.86, plus post-judgment interest. Ally also reserves its right to seek attorneys' fees and costs. Thomas has not responded and the time for doing so has passed.

The Court is satisfied that service was properly made upon Thomas. Ally has also established that Thomas is not a minor, an incompetent, or in military service, as required by Rule 55(b)(2). [ECF Nos. 50-2 at 12; 51-1 at 164].

### C. Damages

"[A] default judgment cannot be entered until the amount of damages has been ascertained." *Hagen*, 205 F.3d at 1042 (internal quotation marks omitted). Ascertaining the amount of damages requires proof by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (affirming district court decision that had concluded plaintiff failed to prove damages by a preponderance of the evidence). The district court has the discretion to determine the amount of damages to be included in a default judgment by an evidentiary hearing, detailed affidavits, or documentary evidence. *Stephenson v. El-Batrawi*,

524 F.3d 907, 916 (8th Cir. 2008); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"); *accord Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir. 1989); *Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Ally has submitted documentary evidence supporting its damages request, along with O'Neill's affidavit citing to relevant portions of that evidence. O'Neill's affidavit delineates the amount owed for 1) loan principal, 2) interest, 3) late fees, 4) the cost of placing representatives on-site after the Dealerships' breach, 5) the cost of obtaining the Dealerships' financial data, 6) the cost of transporting vehicles to auction, 7) the cost for marshalling vehicles; 8) the cost of vehicle inspections, and 9) the cost for appraisals of collateral. [ECF No. 50-2 at 7–8]. From the total amount of indebtedness ($10,867,739.01), Ally has credited Thomas for amounts Ally recouped through other means—including a $300,000.00 credit from the settlement reached with John. [ECF No. 50-2 at 8–10]. According to the calculations in O'Neill's affidavit, Thomas owes Ally a total amount of $3,724,637.86. [ECF No. 50-2 at 11]. Having reviewed the affidavit and documentation submitted by Ally, the Court determines they are sufficient to support Ally's request for damages. Accordingly, the Court grants Ally's request.

Ally also seeks post-judgment interest. Under 28 U.S.C. § 1961, interest is allowed "on any money judgment in a civil case recovered in district court . . . at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Accordingly,

the Court additionally awards Ally post-judgment interest accruing from the date of judgment until all damages are paid in full, at the rate specified in 28 U.S.C. § 1961.

The Court reserves ruling on any attorneys' fees and costs due Ally, and will amend judgment in the future as necessary.

## II. CONCLUSION

Ally's Motion for Entry of Default Judgment Against Defendant Thomas D. Gretter [ECF No. 50] is GRANTED. Defendant Thomas D. Gretter shall pay to Ally Financial, Inc. $3,724,637.86, with post-judgement interest.

IT IS SO ORDERED.

Dated this 14th day of April, 2016.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT